UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-80366-CIV-RYSKAMP/VITUNAC

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

v.

**PEDIATRIX MEDICAL GROUP, INC. (nka MEDNAX SERVICES, INC.)**

**Defendant.**
_____/

## FINAL JUDGMENT AS TO DEFENDANT PEDIATRIX MEDICAL GROUP, INC.

The Securities and Exchange Commission having filed a Complaint, and Defendant Pediatrix Medical Group, Inc., now known as Mednax Services, Inc., ("Pediatrix") having: entered a general appearance; consented to the Court's jurisdiction over it and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.     VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT OF 1933**

**It Is Ordered And Adjudged** that Pediatrix and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

2

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;
 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II. VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Pediatrix and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;
 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not

misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III. VIOLATION OF SECTION 13(a) OF THE EXCHANGE ACT AND RULES 12b-20, 13a-1, AND 13a-13 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Pediatrix and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by filing or causing to file with the Commission annual reports on Form 10-K, quarterly reports on Form 10-Q, and any amendments thereto that may contain false statements of material fact or may omit to state material facts necessary, or fail to add such further material information as may be necessary, in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

### IV. VIOLATION OF SECTION 13(b)(2)(A) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Pediatrix and its agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to or causing the failure to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect Pediatrix's transactions and dispositions of assets.

## V.     VIOLATION OF SECTION 13(b)(2)(B) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Pediatrix and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to or causing the failure to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that:

(a)   transactions are executed in accordance with management's general and specific authorization;
(b)   transactions are recorded as necessary to (i) permit preparation of financial statements in conformity with Generally Accepted Accounting Principles or any other criteria applicable to such statements; and (ii) to maintain accountability for assets;
(c)   access to assets is permitted only in accordance with management's general or specific authorization; and
(d)   the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken

with respect to any differences.

## VI.   VIOLATION OF SECTION 14(a) OF THE EXCHANGE ACT AND RULE 14a-9 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Pediatrix and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9] by making solicitations by means of a proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

## VII.   INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Pediatrix shall comply

with all of the undertakings and agreements set forth therein.

## VIII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.  The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

Dated:  March 6th, 2009

　　　　　　　　　　　　　　　　　　S/Kenneth L. Ryskamp
　　　　　　　　　　　　　　　　　　**KENNETH L. RYSKAMP**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**